UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                        :

JAMES TIESSEN, *individually and on behalf of all others similarly situated*,

                        24-CV-8032 (AS)

                    Plaintiff,

        -v-

THE TORONTO-DOMINION BANK, BHARAT B. MASRANI, LEOVIGILDO SALOM, RIAZ E. AHMED, and KELVIN VI LUAN TRAN,

                    Defendants.
------------------------------------------------------------------------X

PEDRO GONZALEZ, *individually and on behalf of all others similarly situated*,

                        24-CV-9445 (AS)

                    Plaintiff,

                        ORDER

        -v-

THE TORONTO-DOMINION BANK, BHARAT B. MASRANI, KELVIN VI LUAN TRAN, RIAZ E. AHMED, and LEOVIGILDO SALOM,

                    Defendants.
------------------------------------------------------------------------X

ARUN SUBRAMANIAN, United States District Judge:

      On October 22, 2024, Plaintiff Tiessen filed a complaint in 24-CV-8032. On December 11, 2024, Plaintiff Gonzalez filed a similar complaint in 24-CV-9445. As of this Order, no motion for consolidation has been filed, but 24-CV-9445 has been accepted by the Court as related to 24-CV-8032, and the cases appear to involve common questions of law and fact.

      First, the Court is inclined to consolidate the cases pursuant to Rule 42 of the Federal Rules of Civil Procedure for all purposes. Any party who objects to such consolidation shall file a letter brief, not to exceed three single-spaced pages, by **December 30, 2024**. If no party files a letter

opposing consolidation, the Court will consolidate the two cases without further notice to the parties.

Second, "republication of notice is not required under the PSLRA" when a "subsequent action asserts 'substantially the same claim or claims'" as the first-filed action. *Hom v. Vale, S.A.*, 2016 WL 880201, at *4 (S.D.N.Y. Mar. 7, 2016). Here, where "a class period is extended beyond the period contained in the first-filed securities class action," courts "typically 'disfavor republication.'" *Id.* (quoting *Turner v. ShengdaTech, Inc.*, 2011 WL 6110438, at *3 (S.D.N.Y. Dec. 6, 2011); *see also Kaplan v. S.A.C. Cap. Advisors, L.P.*, 947 F. Supp. 2d 366, 367 (S.D.N.Y. 2013) (concluding that while "more substantial alteration of the claims can" require republication, "alteration of the class period, without more, does not require republication"). The primary difference between the two cases is that Gonzalez's case alleges a longer class period: more than two years in Gonzalez's case versus approximately seven months in Tiessen's. In another case in this district, a very similar extension of the class period was not sufficient to require republication. *See Hom*, 2016 WL 880201, at *3–4 (first class period of eight months, and second class period of two years). So Tiessen's published notice "satisfied the requirements of the PSLRA and adequately notified potential lead plaintiffs of the nature of the claims against" defendants. *Id.* at *4.

Third, the hearing date for appointment of lead plaintiff and lead counsel in 24-CV-8032 (see Dkt. 8), **January 15, 2025 at 11:00 AM**, remains in effect. Pursuant to Fed. R. Civ. P. 6(a), the deadline to move the Court to serve as lead plaintiff is extended to **December 23, 2024**. Opposition to any motion for appointment of lead plaintiff shall be served and filed by **January 6, 2025**.

It is further ORDERED that the named plaintiffs shall promptly serve a copy of this Order on each of the defendants and file proof of service on the docket.

SO ORDERED.

Dated: December 20, 2024
        New York, New York

                                        ARUN SUBRAMANIAN
                                        United States District Judge