**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMES TIESSEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE TORONTO-DOMINION BANK, BHARAT B. MASRANI, LEOVIGILDO SALOM, KELVIN VI LUAN TRAN, and RIAZ E. AHMED,<br><br>Defendants. | Case No.: 1:24-cv-08032-AS<br><br>Hon. Arun Subramanian |
| PEDRO GONZALEZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE TORONTO-DOMINION BANK, BHARAT B. MASRANI, KELVIN VI LUAN TRAN, RIAZ E. AHMED, and LEOVIGILDO SALOM,<br><br>Defendants. | Case No.: 1:24-cv-09445-AS<br><br>Hon. Arun Subramanian |

**MEMORANDUM OF LAW IN SUPPORT OF JAMES TIESSEN'S**
**MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS**
**LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

**Page**

I.    FACTUAL BACKGROUND.................................................................................. 2

II.   PROCEDURAL HISTORY................................................................................. 4

III.  ARGUMENT ....................................................................................................... 5

    A.   Consolidation of the Actions Is Appropriate .................................................... 5

    B.   Appointing Plaintiff as Lead Plaintiff Is Appropriate....................................... 6

        1.   Plaintiff Filed a Timely Motion................................................................. 7

        2.   Plaintiff Has the Largest Financial Interest in the Relief Sought.............. 8

        3.   Plaintiff Satisfies the Relevant Requirements of Rule 23. ........................ 9

            a.   Plaintiff's Claims Are Typical. ......................................................... 9

            b.   Plaintiff Is An Adequate Representative........................................... 10

    C.   Approving Lead Plaintiff's Choice of Counsel Is Appropriate. ................................... 11

IV.   CONCLUSION................................................................................................... 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.,*
  324 F. Supp. 3d 335 (E.D.N.Y. 2018) ................................................................................... 7, 8

*In re Cendant Corp.,*
  264 F.3d 201 (3d Cir. 2001) ..................................................................................................... 10

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
  269 F.R.D. 291 (S.D.N.Y. 2010) .............................................................................................. 10

*In re E-Trade Financial Corp.* Securuties Litigation,
  No. 07-cv-8538 (S.D.N.Y.) ........................................................................................................ 11

*Ferrari v. Impath, Inc.,*
  2004 WL 1637053 (S.D.N.Y. July 15, 2004) ........................................................................ 5

*Ford v. VOXX Int'l Corp.,*
  No. 14-cv-4183-JS-AYS, 2015 WL 4393798 (E.D.N.Y. Apr. 13, 2015) ............................. 9

*In re Gentiva Sec. Litig.,*
  281 F.R.D. 108 (E.D.N.Y. 2012) ............................................................................................. 9

*Gurevitch v. KeyCorp, et al.,*
  No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023) ...................................................................... 11

*Jaramillo v. Dish Network Corporation, et al.,*
  No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023) .......................................................................... 11

*Johnson v. Celotex Corp.,*
  899 F.2d 1281 (2d Cir. 1990) .................................................................................................. 5, 6

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
  No. 1:08-cv-7281-JFK, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) ................................. 9

*Martin v. BioXcel Therapeutics, Inc. et al.,*
  No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023) .......................................................................... 11

*Martingano v. Am. Int'l Grp., Inc.,*
  Nos. 06-cv-1625-JG-JMA, 2006 WL 1912724 (E.D.N.Y. July 11, 2006) ........................... 5

*Petersen v. Stem, Inc. et. al.,*
  No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023) ........................................................................ 11

*Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.,*
  No. 1:23-cv-02764 (N.D. Ill. July 11, 2023) .......................................................................... 11

*Solomon v. Peloton Interactive, Inc. et al.*,
No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023) ............................................................. 11

*In re Tesla Inc. Securities Litigation*,
No. 3:18-cv-4865 (N.D. Cal.) ................................................................................... 11

*Thant v. Rain Oncology Inc. et al.*,
5:23-cv-03518 (N.D. Cal. Nov. 1, 2023) ................................................................. 11

*Thant v. Veru, Inc. et al.*,
No. 1:22-cv-23960 (S.D. Fla. July 27, 2023)........................................................... 11

*In re U.S. Steel Securities Litigation*,
No. 2:17-579-CB (W.D. Pa.) ..................................................................................... 11

*Villanueva v. Proterra Inc. et al.*,
No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023) ......................................................... 11

*Villare v. Abiomed, Inc.*,
2020 U.S. Dist. LEXIS 114684 (S.D.N.Y. June 29, 2020)......................................... 5

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
No. 10-cv-00864-SLT, 2011 WL 3511057 (E.D.N.Y. May 31, 2011) ....................... 9

*Weltz v. Lee*,
199 F.R.D. 129 (S.D.N.Y. 2001) ................................................................................ 5

*Xiangdong Chen v. X Fin.*,
No. 19-CV-6908-KAM-SJB, 2020 WL 2478643 (E.D.N.Y. May 13, 2020)............... 7

## Statutes

15 U.S.C. § 78u-4 ...................................................................................................... *passim*

## Rules

FED. R. CIV. P. 23 ................................................................................................... 1, 7, 8, 9

Fed. R. Civ. P. 42(a) ...................................................................................................... 5, 6

James Tiessen ("Plaintiff") respectfully submits this memorandum of law in support of his motion ("Motion") to consolidate the above-captioned actions (the "Actions"), appoint him as lead plaintiff, and approve his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of all investors who purchased or otherwise acquired The Toronto-Dominion Bank ("TD" or the "Company") securities between February 29, 2024 to October 9, 2024, inclusive (the "Class" who purchased during the "Class Period"), concerning claims under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5), against Defendants TD, Bharat B. Masrani ("Masrani"), Leovigildo Salom ("Salom"), Kelvin Vi Luan Tran ("Tran"), and Riaz E. Ahmed ("Ahmed") (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Plaintiff believes that he is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the substantial financial losses he suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Plaintiff satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class. In addition, Plaintiff's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial experience in

securities class action litigation and the experience and resources to efficiently prosecute these Actions.

## I.    FACTUAL BACKGROUND[1]

TD is an international bank, operating through four segments: Canadian Personal and Commercial Banking, U.S. Retail, Wealth Management and Insurance, and Wholesale Banking. ¶ 21. The Company offers its products and services in the US under the "TD Bank" and "America's Most Convenient Bank" brand names. ¶ 22.

*The Wall Street Journal* reported on May 2, 2024 that a DOJ investigation into TD's AML controls focused on "how Chinese crime groups and drug traffickers used the Canadian lender to launder money from U.S. fentanyl sales," and explained that "[t]he investigation was launched after agents uncovered an operation in New York and New Jersey that laundered hundreds of millions of dollars in proceeds from illicit narcotics through TD and other banks." *Gonzalez* ¶ 40. The article also revealed that on May 2, 2024, "a Canadian banking regulator fined TD the equivalent of $6.7 million for failing to file suspicious activity reports and documents related to money laundering and terrorist activity, among other things." *Id.*

In response to this news, the price of TD stock dropped 5.9%, or $3.42 per share, from $58.08 per share on May 2, 2024, to $54.66 per share on May 3, 2024. *Gonzalez* ¶ 41.

The statements in Paragraphs 23 to 31 of the *Tiessen* Complaint were false and/or

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Tiessen* Complaint") filed in the action styled *Tiessen v. The Toronto-Dominion Bank, et. al.,* Case No. 1:24-cv-08032-AS (the "*Tiessen* Action"). Citations to "*Gonzalez* ¶ __" are to paragraphs of the Class Action Complaint (the "*Gonzalez* Complaint") filed in the action styled *Gonzalez v. The Toronto-Dominion Bank, et. al.,* Case No. 1:24-cv-09445-AS (the "*Gonzalez* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Tiessen* and *Gonzalez* Complaints. The facts set forth in the *Tiessen* and *Gonzalez* Complaints are incorporated herein by reference.

materially misleading. ¶ 32. Defendants created the false impression that they possessed reliable information pertaining to the scope of the Company's AML program failures and the associated cost of the penalties that would be imposed on them as a result, while also minimizing not only the true scope of the Company's failures, but the potential impact of additional punitive measures and compliance efforts on Defendants future projected revenue outlook and anticipated growth. *Id.* In truth, TD's optimistic claims of updating and fixing the Company's AML program, alleging a full understanding of the scope of the issue, and further setting aside a significant provision of approximately $3 billion claimed to cover the anticipated monetary impact of the resolutions fell well short of any level of appropriate transparency towards its investors; in reality, the Defendants efforts to minimize the Company's oversight and compliance failures forced investors and analysts alike to be surprised by the significance of both failures and the resulting punitive and disciplinary resolutions when they were finally unveiled. *Id.*

On October 10, 2024, TD issued a press release and "announced that, following several years of active cooperation and engagement with authorities and regulators, it has reached a resolution of previously disclosed investigations related to its U.S. Bank Secrecy Act (BSA) and Anti-Money Laundering (AML) compliance programs." ¶ 33.

A special call was held by Defendants later that same day to elaborate further on the resolution and the associated punitive and remedial measures. ¶ 36. In pertinent part, Defendants reiterated and discussed the impact of the ongoing limitations placed upon TD's United States arm by the consent orders and plea agreements. *Id.*

On the same day as TD's press release, the Department of Justice issued their own press release, covering TD's guilty pleas in more significant detail. ¶ 38. The following day, on October 11, 2024, the OCC similarly published their findings with respect to TD's significant failures. ¶

3

39.

The aforementioned press releases and statements made by the Individual Defendants or otherwise about the Company are in direct contrast to statements they made during the February 29, 2024, March 26, 2024, April 30, 2024, May 3, 2024, June 6, 2024, and August 21, 2024 press releases and shareholder calls. ¶ 40. On those releases and calls, Defendants continually touted their efforts to remedy the Company's AML setbacks, claiming a full understanding of the scope of "the AML issue," and set aside provisional figures which Defendants claimed covered their estimate of the "monetary" penalties, while continually minimizing the significance, scope, and willfulness of TD's compliance failures as well as the potential financial impact of undisclosed punitive or otherwise remedial measures likely to be taken by the OCC, FRB, FinCEN, and DOJ on the Company's future profitability. *Id.*

Investors and analysts reacted immediately to TD's revelation. ¶ 41. The price of TD's common stock declined dramatically. *Id.* From a closing market price of $63.51 per share on October 9, 2024, TD's stock price fell to $59.44 per share on October 10, 2024, and further to $57.01 on October 11, 2024, a decline of more than 10.23% in the span of just two days. *Id.*

## II.    PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Tiessen* Action against the Defendants. Plaintiff James Tiessen ("Tiessen") commenced the first-filed action on October 22, 2024. On that same day, counsel acting on Tiessen's behalf, Levi & Korsinsky, published a notice on *Globe Newswire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Adam M. Apton in Support of Plaintiff's Motion ("Apton Decl.").

On December 11, 2024, a substantially similar action was filed against TD in this Court,

the *Gonzalez* Action. Plaintiff has requested consolidation of the *Tiessen* and *Gonzalez* Actions.[2]

## III.    ARGUMENT

### A.    Consolidation of the Actions Is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered. 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id.*

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Martingano v. Am. Int'l Grp., Inc.,* Nos. 06-cv-1625-JG-JMA, 2006 WL 1912724, at *1-2 (E.D.N.Y. July 11, 2006) (citing *Ferrari v. Impath, Inc.,* 2004 WL 1637053, at *1 (S.D.N.Y. July 15, 2004)) ("In

---

[2] The *Gonzalez* Action alleges violations of the Exchange Act on behalf of a class of shareholders who purchased stock between March 7, 2022 and October 9, 2024, inclusive, *i.e.*, the class period in the *Gonzalez* Action begins nearly two (2) years before the class period in the *Tiessen* Action. Plaintiff opposes adopting the extended class period claimed in the *Gonzalez* Action, given that it arises in part from events outside the relevant period in the *Tiessen* Action and necessarily entails different theories of liability. For purposes of appointing a lead plaintiff, courts typically do not simply adopt expanded class periods if it appears to be "frivolous" or the result of "gamesmanship." *See Villare v. Abiomed, Inc.*, 2020 U.S. Dist. LEXIS 114684, at *11-13 (S.D.N.Y. June 29, 2020) ("numerous courts have cautioned that blindly accepting the longest class period without any inquiry may encourage attempts by potential lead plaintiffs to manipulate the class period so that they have the largest financial interest."). To the extent anyone opposes Mr. Tiessen's motion on the basis that they possess a larger "financial interest" under this expanded class period, Mr. Tiessen reserves all rights to object and dispute the adoption of the *Gonzalez* class period.

securities class action cases…courts have deemed consolidation particularly appropriate where the actions are based on the same public statements and reports, if there are common questions of law and fact and [if] the defendant will not be prejudiced…" (citation and quotations omitted)); Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The Actions name substantially the same parties as defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

### B.    Appointing Plaintiff as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Plaintiff satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Plaintiff has, to the best of his/ knowledge, the largest financial interest in this litigation—having lost $1,512.56 as a result of his transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Apton Decl. In addition, Plaintiff is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Plaintiff respectfully submits that he should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

1.    **Plaintiff Filed a Timely Motion.**

On October 22, 2024, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Tiessen published the Press Release on *Globe Newswire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of TD securities that they had 60 days from the publication of the October 22, 2024 notice to file a motion to be appointed as lead plaintiff. *See* Apton Decl., Ex. C;

7

*Xiangdong Chen v. X Fin.*, No. 19-CV-6908-KAM-SJB, 2020 WL 2478643, at *2 (E.D.N.Y. May 13, 2020) (finding that a notice published on *Globe Newswire* satisfied Rule 23).

Plaintiff timely filed his motion within the 60-day period following publication of the October 22, 2024 Press Release and submitted herewith a sworn certification attaching his transactions in TD securities and attesting that he is willing to serve as representative of the Class. *See* PSLRA Certification, Ex. A to Apton Decl. By making a timely motion in response to a PSLRA notice, Plaintiff satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa)..

### 2.     Plaintiff Has the Largest Financial Interest in the Relief Sought.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Plaintiff believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Plaintiff acquired TD securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, Plaintiff suffered an approximate loss of $1,512.56. *See* Apton Decl., Ex. B. Plaintiff is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Plaintiff believes that he has the "largest financial interest in the relief sought by the Class." Thus, Plaintiff satisfies the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

8

### 3.     Plaintiff Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 WL 4393798, at *3 (E.D.N.Y. Apr. 16, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead plaintiff stage of the litigation, Plaintiff need only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *Id*. at *6.

### a.     Plaintiff's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 WL 4974839, at *4 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Plaintiff's claim is typical of the claims asserted by the proposed Class. Like all members of the Class, Plaintiff alleges that Defendants' material misstatements and omissions concerning

9

TD's business, operational and financial results violated the federal securities laws. Plaintiff, like all members of the Class, purchased or otherwise acquired TD securities during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 WL 3511057, at *4 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Plaintiff's interests and claims are "typical" of the interests and claims of the Class.

**b.       Plaintiff Is An Adequate Representative.**

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Plaintiff has demonstrated his adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Actions, and Plaintiff's financial losses ensure that he has sufficient incentive to ensure the vigorous advocacy of the Actions. *See* Apton Decl., Ex. B. Plaintiff is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

Moreover, Plaintiff considers himself to be a sophisticated investor, having been investing in the stock market for over 20years. He resides in Calgary, Alberta, Canada, and possesses a  bachelor's degree in commerce. Plaintiff is also a Fellow of Institute of Canadian Bankers, and a Certified Financial Planner. He is currently retired, but prior to that, was employed as a financial advisor. Further, Plaintiff has experience overseeing attorneys, as he has hired

10

attorneys for real estate matters. Therefore, Plaintiff will prosecute the Actions vigorously on behalf of the Class. *See* Apton Decl., Ex. D, Plaintiff's Declaration in support of his motion.

Accordingly, Plaintiff meets the adequacy requirement of Rule 23.

### C.    Approving Lead Plaintiff's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Plaintiff has selected Levi & Korsinsky to pursue this litigation on his behalf and has retained the firm as the Class' Lead Counsel in the event he is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Apton Decl. as Ex. E. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions across the country arising under the federal securities laws on behalf of investors. As lead counsel in *In re U.S. Steel Securities Litigation,* No. 2:17-579-CB (W.D. Pa.), Levi & Korsinsky secured a $40 million recovery on behalf of investors in the securities of U.S. Steel. The firm also secured a $79 million recovery on behalf of E-Trade investors in *In re E-Trade Financial Corp.* Securities Litigation, No. 07-cv-8538 (S.D.N.Y.). Levi & Korsinsky also has trial experience relating to *In re Tesla Inc. Securities Litigation,* No. 3:18-cv-4865 (N.D. Cal.), representing Tesla investors who were harmed by Elon Musk's "funding secured" tweet from August 7, 2018. *Id*. In the last year alone, Levi & Korsinsky has been appointed lead or co-lead counsel in a number of actions in this Circuit and across the Country including *Thant v. Rain Oncology Inc. et al.*, 5:23-cv-03518 (N.D. Cal. Nov. 1, 2023); *Jaramillo v. Dish Network*

11

*Corporation, et al.*, No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023); *Villanueva v. Proterra Inc. et al.,* No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023); *Martin v. BioXcel Therapeutics, Inc. et al.,* No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023); *Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, No. 1:23-cv-02764 (N.D. Ill. July 11, 2023); *Petersen v. Stem, Inc. et al.,* No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023); *Solomon v. Peloton Interactive, Inc. et al.,* No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023); *Gurevitch v. KeyCorp, et al.*, No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023); *Thant v. Veru, Inc. et al.,* No. 1:22-cv-23960 (S.D. Fla. July 27, 2023). Thus, the Court may rest assured that by granting Plaintiff's motion, the Class will receive the highest caliber of legal representation possible.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his Motion and enter an Order: (1) consolidating the Actions, (2) appointing Plaintiff as Lead Plaintiff, (3) approving his selection of Levi & Korsinsky as Lead Counsel for the Class, and (4) granting such other relief as the Court may deem just and proper.

Dated: December 23, 2024                                  Respectfully Submitted,

                                                          **LEVI & KORSINSKY, LLP**

                                                          By: */s/ Adam M. Apton*
                                                          Adam M. Apton (AS-8383)
                                                          33 Whitehall Street, 17th Floor
                                                          New York, NY 10004
                                                          Tel: (212) 363-7500
                                                          Fax: (212) 363-7171
                                                          Email: aapton@zlk.com

                                                          *Lead Counsel for James Tiessen and*
                                                          *[Proposed] Lead Counsel for the Class*