## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES TIESSEN, Individually and on Behalf of All Others Similarly Situated,<br><br><br>Plaintiff,<br><br>v.<br><br>THE TORONTO-DOMINION BANK, BHARAT B. MASRANI, LEOVIGILDO SALOM, KELVIN VI LUAN TRAN, and RIAZ E. AHMED,<br><br><br>Defendants. | Case No. 1:24-cv-08032-AS<br><br>CLASS ACTION |
| PEDRO GONZALEZ, Individually and on Behalf of All Others Similarly Situated,<br><br><br>Plaintiff,<br><br>v.<br><br>THE TORONTO-DOMINION BANK, BHARAT B. MASRANI, KELVIN VI LUAN TRAN, RIAZ E. AHMED, and LEOVIGILDO SALOM,<br><br><br>Defendants. | Case No. 1:24-cv-09445-AS<br><br>CLASS ACTION |

**PEDRO GONZALEZ'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF HIS SELECTION OF LEAD COUNSEL, AND CONSOLIDATION**

Mr. Gonzalez incurred a significant $314,000 loss and has taken active steps to ensure that putative class members, including Mr. Tiessen, can maximize their recovery. On the other hand, Mr. Tiessen, who incurred a loss of just $1,500, sets out a strategy that is "inimical to the interests of the class," rendering him inadequate to lead this litigation. *Eichenholtz v. Verifone Holdings, Inc.*, 2008 WL 3925289, at *2 (N.D. Cal. Aug. 22, 2008). Mr. Tiessen intends to foreclose any chance of recovery for potentially thousands of TD investors whose purchases are not encompassed by the abbreviated period in *Tiessen*. In contrast, Mr. Gonzalez seeks to represent and protect the interests of the entire class, including Mr. Tiessen. Thus, Mr. Gonzalez is the most (and only) adequate Lead Plaintiff.

A.      ***Courts Universally Apply the Broadest Class Period:*** The longest alleged class period governs the analysis of financial interest. This is because at this early stage, the most inclusive period "encompasses more potential class members and damages," thus maximizing the potential recovery. *Hom v. Vale, S.A.*, 2016 WL 880201, at *4 (S.D.N.Y. Mar. 7, 2016). Moreover, judicial determinations of the merits of competing class periods are premature. *See Grand Lodge of Pa. v. Peters*, 2007 WL 1812641, at *2 (M.D. Fla. June 22, 2007). When the allegations supporting the broader period are neither frivolous nor implausible, as here, virtually every court to consider the issue has adopted the most inclusive class period. *See* ECF No. 25 at 3-8; *Lucas v. U.S. Oil Fund, LP*., 2020 WL 5549719, at *4 (S.D.N.Y Sept. 16, 2020).

None of Mr. Tiessen's cited cases support rejecting the longer class period filed by Mr. Gonzalez. *See In re Centerline Holding Co. Sec. Litig.*, 2008 WL 1959799, at *3 (S.D.N.Y. May 5, 2008) ("no facts that ma[d]e [the broader period] plausible"); *Maliarov v. Eros Int'l PLC*, 2016 WL 1367246, at *3 (S.D.N.Y. Apr. 5, 2016) ("unsupported allegations"); *Villare v. ABIOMED, Inc.*, 2020 WL 3497285, at *5 (S.D.N.Y. June 29, 2020) ("proffers no factual allegations").

***B.***     ***Mr. Tiessen's Contentions in Favor of the Truncated Period Contradict his own Allegations and Motion:*** To the detriment of the class—and contrary to his prior positions—Mr. Tiessen improperly raises an incomplete theory of the case, arguing that the ***only*** plausible claims arise from "alleged misrepresentations about the 'asset cap[,]'" which supposedly have nothing to do with TD's AML violations.  ECF No. 23 at 1.  Previously, Mr. Tiessen acknowledged that *Tiessen* and *Gonzalez* allege "substantially similar claims[,]" "involve the same subject matter and are based on the same wrongful course of conduct[,]" and "arise from the same facts and circumstances."  ECF Nos. 15 at 1, 18 at 6.  Like *Gonzalez*, *Tiessen* alleges that Defendants made "materially false and misleading statements [] concerning the true state of TD's AML program; [] TD [] minimized the significance of the failures of the Company's AML program."  ECF No. 1 ¶3.

***1.***     ***The Misrepresentations Alleged in the Gonzalez Class Period are Inextricably Linked to the Corrective Disclosures:*** Mr. Tiessen incorrectly claims that the misrepresentations in the *Gonzalez* class period are "divorced from the corrective disclosure at the end of the Class Period."  According to Mr. Tiessen, the statements in *Gonzalez* "say[] nothing about the nature, type, or severity of the penalties TD was potentially facing."  ECF No. 23 at 3-4.  This fails.

First, the argument contradicts Mr. Tiessen's own allegations.  In bold and italicized text in Paragraph 22 of his complaint, Mr. Tiessen alleges that "***The Defendants Materially Misled Investors Concerning the Severity of TD's Anti-Money Laundering Program Deficits***[,]" not just the asset cap.  After that heading, *Tiessen* alleges pages of misrepresentations concerning TD's AML program that likewise "say[] nothing about the [] severity of the penalties."  ECF Nos. 1 ¶¶22-24, 23 at 3-4.  And Mr. Tiessen specifically recognized the link between the AML violations and the asset cap imposed on TD.  *See, e.g.,* ECF No. 1 ¶¶46-47 ("TD's stock price fell in response to the corrective event on October 10, 2024" when "TD announced the resolution of the [AML]

investigations . . . [and] the significance of the infractions *which led to* such punitive measures") (emphasis added).  Further, the analyst reports that Mr. Tiessen submitted establish that the news of the severity of TD's misconduct contributed to investors' losses.  *See* ECF No. 24-2 at 2 ("discovering the magnitude of TD's lapses has altered our view.  The scope and scale of the lapses were significant").

Second, Mr. Tiessen's advancement of an incomplete factual theory reduces the class's recoverable damages.  Specifically, he *ignores the May 2, 2024, corrective disclosure* alleged in *Gonzalez* which resulted in a 6% stock price decline and is directly tied to the misrepresentations in both complaints.  *Gonzalez*, ECF No. 1 ¶¶5-6.  On that day, *The Wall Street Journal* reported that DOJ's investigation focused on "'how Chinese crime groups and drug traffickers' used TD to launder[] 'hundreds of millions of dollars,'" bearing directly on the Company's AML failures, but says *nothing* about the asset cap.  *Id.*  Though Mr. Tiessen previously relied on this disclosure multiple times (ECF Nos. 15, 18 at 2) he ignores it on opposition because it cannot be reconciled with his current position (*i.e.* that the only plausible claims arise from the asset cap).  This shifting position and willingness to ignore pertinent facts is precisely the type of conduct that courts have viewed as unbecoming of a Lead Plaintiff candidate.  *See e.g., City of Sunrise Firefighter's Pension Fund v. Citigroup Inc.*, 2021 WL 396343, at *4 (S.D.N.Y. Feb. 4, 2021) ("courts are especially skeptical of a movant who initially presents one position in their opening brief and switch to another in their opposition after a new movant comes in alleging a greater loss").

Finally, Mr. Tiessen's contentions are nothing more than a fact-intensive, premature loss causation argument that is against the class's interests.  The asset cap penalties *resulted* from the undisclosed AML misconduct revealed on May 2, 2024 and October 10, 2024.  *Gonzalez*, ECF No. 1 ¶¶5-11.  Loss causation is satisfied when "the misstatement or omission concealed something

from the market that, when disclosed, negatively affected the value of the security," as here. *City of Sterling Heights Police & Fire Ret. Sys. v. Reckitt Benckiser Grp. PLC*, 587 F. Supp. 3d 56, 100-01 (S.D.N.Y. 2022) (loss causation satisfied when "DOJ filed a[n] [] indictment against [company]" despite previously announcing "charge[s]" roughly two years earlier).

2.    ***TD Concealed Information Concerning "TD's Compliance"***: Mr. Tiessen further posits that "any misconceptions about TD's compliance would have been cleared up by August 2023 when TD disclosed ongoing [] investigations," such that misrepresentations prior to that time are not actionable. ECF No. 23 at 5. This is a premature and meritless "truth on the market" defense. *See Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 167-68 (2d Cir. 2000). Mr. Tiessen's own complaint contradicts this argument. The entire thrust of Mr. Tiessen's complaint is that "TD concealed or otherwise minimized the significance of the failures of the Company's AML program" through "October 9, 2024." ECF No. 1 ¶¶1, 3. That a company discloses an investigation in no way "clears up" the full scope of the misconduct as later revealed by *The Wall Street Journal*, regulators, and as evidenced by the market's reaction to those new facts on May 2, 2024 and October 10, 2024. *Gonzalez*, ECF No. 1 ¶¶ 30-55; *Ganino*, 228 F.3d at 167-68 (rejecting argument that "disclosures before Class Period had already transmitted all relevant information").

C.    ***Far From "Gamesmanship," Gonzalez Benefits Absent Class Members:*** Mr. Tiessen complains that the expanded Class Period in *Gonzalez* amounts to "gamesmanship." ECF No. 23 at 6. The opposite is true. *Gonzalez* is the product of a careful investigation into the claims to help maximize the recovery of class members who, like Mr. Gonzalez, were not protected in the abbreviated period asserted in *Tiessen*. "The PSLRA does not require plaintiffs to allege only the smallest class period possible, nor does it punish plaintiffs for advocating for the period that would maximize their own—or the entire class's—potential recovery." *Robinson v. Digital*

*Turbine, Inc.*, 2022 WL 17881476, at *5 n.4 (W.D. Tex. Dec. 19, 2022).  Indeed, Mr. Tiessen's "push for the considerably shorter [] class period is equally susceptible to accusations of gamesmanship given the modest losses [] sustained during [that] period [] compared to the losses sustained by the movants during the entirety of the [broader] period." *Munch v. Sprout Soc., Inc.*, 2024 WL 4753734, at *6 n.2 (N.D. Ill. Nov. 12, 2024).

Mr. Tiessen also contends that the filing of *Gonzalez* ten days before the deadline was somehow improper.  *See* ECF No. 23 at 2, 6-7.  However, this Court already held that the "published notice 'satisfied the requirements of the PSLRA and adequately notified potential lead plaintiffs of the nature of the claims.'"  ECF No. 16; *see also Turner v. ShengdaTech, Inc.*, 2011 WL 6110438, at *2-3 (S.D.N.Y. Dec. 6, 2011) (accepting complaint filed same day Lead Plaintiff motions were due that expanded the class period by nearly two years).

**D.**      ***Mr. Gonzalez is Typical and Adequate:*** Mr. Tiessen attempts to rebut the presumption that Mr. Gonzalez is typical and adequate by positing a hypothetical and speculative situation in which, at some later time, a shorter class period is adopted, and Mr. Gonzalez no longer has standing.  Yet, a lead plaintiff need not "purchase shares throughout a class period.  That is not the law in this Circuit."  *In re Imax Sec. Litig.*, 2011 WL 1487090, at *7 n.6 (S.D.N.Y. Apr. 15, 2011) (citing *Hevesi v. Citigroup Inc.,* 366 F.3d 70, 82 (2d Cir. 2004)).

Further, this argument, relying as it does on "hypothetical future developments," effectively concedes that Mr. Gonzalez is adequate and typical as the case is pleaded today.  *Hartel v. SelectQuote, Inc.*, 2022 WL 4057445, at *2 (S.D.N.Y. Sept. 2, 2022) ("Even if a shorter class period is adopted later [], that is insufficient to render [movant] inadequate"); *Peters*, 2007 WL 1812641, at *1-2 (appointing movant even though a shorter period "would necessarily foreclose [movant's] claim because he purchased his stock before any misrepresentations").

Dated: January 13, 2025                    Respectfully submitted,

                                           **BLEICHMAR FONTI & AULD LLP**

                                            */s/ Joseph A. Fonti*
                                           Joseph A. Fonti (Lead Trial Counsel)
                                           300 Park Avenue, Suite 1301
                                           New York, New York 10022
                                           Telephone: (212) 789-1340
                                           Facsimile: (212) 205-3960
                                           jfonti@bfalaw.com

                                           -and-

                                           Ross Shikowitz
                                           75 Virginia Road
                                           White Plains, New York 10603
                                           Telephone: (914) 265-2991
                                           Facsimile: (212) 205-3960
                                           rshikowitz@bfalaw.com

                                           -and-

                                           Adam C. McCall (*pro hac vice* forthcoming)
                                           1330 Broadway, Suite 630
                                           Oakland, California 94612
                                           Telephone: (212) 789-2303
                                           Facsimile: (415) 445-4020
                                           amccall@bfalaw.com

                                           *Counsel for Plaintiff and Proposed Lead
                                           Plaintiff Pedro Gonzalez, and Proposed Lead
                                           Counsel for the Putative Class*

**CERTIFICATION OF WORD-COUNT COMPLIANCE**

The undersigned hereby certifies that the foregoing brief complies with the word limit set forth in Local Civil Rule 7.1(c).  The word count, exclusive of the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates, is 1,679 according to the word-processing system used to prepare the document.


Dated: January 13, 2025                                   _/s/ Joseph A. Fonti_____
                                                                            Joseph A. Fonti