```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
James Tiessen,                                          :
                                                        :
                              Plaintiff,                :
                                                        :              24-CV-8032 (AS)
              -v-                                       :
                                                        :              ORDER
The Toronto-Dominion Bank et al.,                       :
                                                        :
                              Defendants.               :
                                                        :
------------------------------------------------------------------------X
```

ARUN SUBRAMANIAN, United States District Judge:

On October 22, 2024, plaintiff Tiessen filed a class action lawsuit on behalf of purchasers of The Toronto-Dominion Bank securities between February 29, 2024 and October 9, 2024. The complaint alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("1934 Act") and Rule 10b-5, promulgated thereunder.

Section 78u-4(a)(3)(A) of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A), requires that within twenty days of the filing of the complaint, the plaintiff shall "cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class . . . of the pendency of the action, the claims asserted therein, and the purported class period." 15 U.S.C. § 78u-4(a)(3)(A)(i). The PSLRA also provides that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." *Id.* In addition, the Act requires that not later than 90 days after the date on which the notice is published, the Court shall consider any motion made by a purported class member in response to the notice, and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the Court determines to be most capable of adequately representing the interests of class members. *See id.* § 78u-4(a)(3)(B)(i). In the event that more than one action on behalf of a class asserting substantially the same claim or claims has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the Court shall not appoint a lead plaintiff until after a decision on the motion to consolidate is rendered. *See id.* § 78u-4(a)(3)(B)(ii).

Counsel for plaintiff Tiessen notified the Court that the required notice was published on October 22, 2024, in Globe Newswire. Dkt. 7. Members of the purported class therefore had until December 23, 2024 to move the Court to serve as lead plaintiffs. On December 23, 2024, two parties moved to serve as lead plaintiff: James Tiessen and Pedro Gonzalez. Dkts. 17 and 20. The Court held a hearing on January 15, 2025 to hear argument on lead plaintiff motions. The

Court also issued an order consolidating this action with another action asserting substantially the same claims (24-CV-9445).

Under the PSLRA, the Court must "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of [the] class members." 15 U.S.C. §78u-4(a)(3)(B)(i). The PSLRA also presumes that the most adequate plaintiff is the "person or group of persons" who (1) "has the largest financial interest in the relief sought by the class" and (2) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb)–(cc).

Gonzalez has the greatest financial interest in this case. *See* Dkt. 18 at 7 (Tiessen lost $1,512.56); Dkt. 21 at 2 (Gonzalez lost $314,000). As for the other requirements of Rule 23, no one contests that Gonzalez's claims are typical: he bought the Toronto-Dominion Bank's securities and suffered major losses after plaintiff's alleged stock-price inflation was revealed. Gonzalez can also fairly and adequately represent the class. He is a sophisticated investor and will be represented by experienced counsel.

Under § 78u-4, Gonzalez is presumptively the most adequate plaintiff in this case. And that presumption has not been rebutted. Tiessen argues that Gonzalez's financial interest only appears much larger because Gonzalez's class period was artificially expanded. But "[w]here there are two potential class periods, courts addressing lead plaintiff motions generally apply the longer class period." *Lucas v. U.S. Oil Fund, LP*, 2020 WL 5549719, at *4 (S.D.N.Y. Sept. 16, 2020). Gonzalez's class period is not "implausible" or "obviously frivolous" such that making the lead plaintiff determination based on the shorter class period is appropriate. *Villare v. ABIOMED*, 2020 WL 3497285, at *4–5 (S.D.N.Y. June 29, 2020). As to the potential standing issues that could arise after a ruling on a motion to dismiss if the class period is shortened, the Court "decline[s] to look to hypothetical future developments." *Hartel v. SelectQuote, Inc.*, 2022 WL 4057445, at *2 (S.D.N.Y. Sept. 2, 2022). So the Court appoints Gonzalez to serve as lead plaintiff. The Court has reviewed the qualifications of Gonzalez's chosen counsel—Bleichmar Fonti & Auld LLP—and finds that the firm has the knowledge, experience, and resources to serve as lead counsel here. Given that determination, as well as the PSLRA's "strong presumption in favor of approving . . . lead plaintiff's decisions as to counsel," Bleichmar Fonti & Auld LLP is appointed as lead counsel. *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008) (citation omitted); *see also* § 78u-4(a)(3)(B)(v). However, the Court requires Gonzalez to designate a single lawyer to serve as Lead Trial Counsel for the class.

The Court notes that under both the PSLRA and Federal Rule of Civil Procedure 23, attorneys' fees and class representative awards are subject to the Court's review. *See, e.g.*, 15 U.S.C. § 78u-4(a)(6)–(7), Fed. R. Civ. P. 23(h). Further, before any fees are awarded, the lead plaintiff must "disclose any fee sharing agreements with anyone." Local R. 23.1. At the

hearing held on January 15, 2025, Gonzalez's counsel stated that they would not seek attorney's fees of more than 23% of any recovery. They also confirmed that the Court could consider the competing fee proposal made by Tiessen's counsel. (The competing fee proposals are attached to this order as Exhibit A.)

For these reasons, Tiessen's motion to be appointed as lead plaintiff at Dkt. 17 is DENIED. Gonzalez's motion to be appointed as lead plaintiff and to appoint Bleichmar Fonti & Auld LLP as lead counsel at Dkt. 20 is GRANTED. The Clerk of Court is respectfully directed to terminate the motions at Dkts. 17, 20, and 29.

SO ORDERED.

Dated: January 16, 2025
       New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge

# EXHIBIT A

*Tiessen v. TD Bank, et al.*, No. 24-cv-8032; *Gonzalez v. TD Bank, et al.*, No. 24-cv-9445

## Bleichmar Fonti & Auld LLP Confidential Response to
## January 14, 2025 10:18 AM Email from Chambers

Movant Pedro Gonzalez and Bleichmar Fonti & Auld LLP agree to a cap on attorney's fees not to exceed 23% of any recovery in this action.

A 23% fee is well within the range awarded in securities class actions in this Circuit. "District courts in the Second Circuit routinely award fees upwards of 25% in securities and other complex litigation settlements of comparable size." *Christine Asia Co., Ltd. v. Ma*, No. 1:15-md-02631, 2019 WL 5257534, at *17 (S.D.N.Y. Oct. 16, 2019) (awarding 25% of $250 million settlement); *see also In re Signet Jewelers Ltd. Sec. Litig.*, No. 1:16-cv-06728, 2020 WL 4196468, at *15-16, *24 (S.D.N.Y. July 21, 2020) (awarding 25% fee in $240 million securities settlement); *In re Pfizer Inc. Sec. Litig.*, No. 04-cv-09866 (LTS), ECF 727 at 2 (S.D.N.Y. Dec. 21, 2016) (awarding 28% of $486 million settlement).

To further the Court's exercise of its discretion under Rule 23(h) and the PSLRA, Mr. Gonzalez and counsel will submit at the conclusion of this action, in the event a fee award is warranted, a submission that provides the Court a thorough assessment of the facts and circumstances of this litigation, the application of decades of relevant precedent, and presentation of relevant academic literature concerning attorneys' fees in securities class action litigations.



33 Whitehall St., 17th Floor
New York, NY 10004
T: 212-363-7500
F: 212-363-7171
www.zlk.com

**Adam M. Apton**
aapton@zlk.com

January 14, 2025

**VIA HAND DELIVERY**
The Honorable Arun Subramanian
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 15A
New York, NY 10007-1312

Re:   *Tiessen v. The Toronto-Dominion Bank., et. al.*
      Case No. 1:24-cv-08032 (S.D.N.Y.)

Dear Judge Subramanian:

In response to the request from Your Chambers received earlier this morning, below please find Levi & Korsinsky, LLP's proposal for attorneys' fees in this action.

The firm proposes to seek an award of an amount not to exceed the following percentages of any settlement amount or judgment, plus reimbursement of expenses and costs:

| Percentage | Settlement/Judgment |
|---|---|
| 22.5% | Equal to or less than $100 million |
| 20% | Between $100 million and $250 million |
| 17.5% | Equal to or greater than $250 million |

The firm is also mindful of Local Civil Rule 23.1 and can confirm that there are no fee sharing agreements within anyone at this time. Our retainer agreement with Mr. Tiessen requires his approval in advance of any such arrangement.

Respectfully,

LEVI & KORSINSKY, LLP

/s/ *Adam M. Apton*
Adam M. Apton