# EXHIBIT 2

**UNITED STATES OF AMERICA**
**DEPARTMENT OF THE TREASURY**
**FINANCIAL CRIMES ENFORCEMENT NETWORK**

IN THE MATTER OF:                )
                                   )
                                   )
                                 )        **Number 2013-1**
TD Bank, N.A.              )
Wilmington, DE          )

<u>ASSESSMENT OF CIVIL MONEY PENALTY</u>

## I.    INTRODUCTION

The Financial Crimes Enforcement Network has determined that grounds exist to assess a civil money penalty against TD Bank, N.A. ("TD Bank" or the "Bank"),   pursuant to the Bank Secrecy Act and regulations issued pursuant to that Act.[1]  TD Bank enters into the CONSENT TO THE ASSESSMENT OF CIVIL MONEY PENALTY ("CONSENT") with the Financial Crimes Enforcement Network.

The CONSENT is incorporated into this ASSESSMENT OF CIVIL MONEY PENALTY ("ASSESSMENT") by reference.

The Financial Crimes Enforcement Network has authority to investigate banks for compliance with and violation of the Bank Secrecy Act pursuant to 31 C.F.R. § 1010.810, which grants the Financial Crimes Enforcement Network "overall authority for enforcement and compliance, including coordination and direction of procedures and activities of all other agencies exercising delegated authority under this chapter."  TD Bank was a "financial institution" and a "bank" within the meaning of the Bank Secrecy Act and its implementing

---

[1] The Bank Secrecy Act is codified at 12 U.S.C. §§ 1829b, 1951-1959 and 31 U.S.C. §§ 5311-5314, 5316-5332.  Regulations implementing the Bank Secrecy Act appear at 31 C.F.R. Chapter X.

regulations during the time relevant to this action.  31 U.S.C. § 5312(a)(2) and

31 C.F.R. § 1010.100.

TD Bank has over 1,300 domestic locations in 16 states and one foreign branch without a

physical location.  TD Bank is a large national bank with approximately $212 billion in assets

and approximately 25,000 employees.  TD Bank is a member of TD Bank Group and a

subsidiary of The Toronto-Dominion Bank of Toronto, Canada.  The Toronto-Dominion Bank

trades on the NYSE Euronext under the ticker symbol "TD."

The Office of the Comptroller of the Currency ("OCC") is TD Bank's Federal functional

regulator, and TD Bank was subject to examination for compliance with the Bank Secrecy Act

and its implementing regulations and similar rules under Title 12 of the United States Code.  The

OCC has determined that TD Bank violated the Bank Secrecy Act, from April 2008 through

September 2009, by failing to file suspicious activity reports ("SARs") in a timely manner, in

violation of 31 C.F.R. § 1020.320 and 31 U.S.C. § 5318(g).  The OCC is simultaneously issuing

a Consent Order citing these violations.  TD Bank has agreed to a $37.5 million civil money

penalty assessed by the OCC.

## II.    DETERMINATIONS

The Financial Crimes Enforcement Network has determined that its enforcement action

would establish that, from April 2008 through September 2009, TD Bank willfully violated the

Bank Secrecy Act's reporting requirements by failing to detect and adequately report suspicious

activities in a timely manner, in violation of 31 U.S.C. § 5318(g) and 31 C.F.R. § 1020.320.

From April 2008 through September 2009, Scott Rothstein orchestrated a "Ponzi"

scheme using multiple accounts at TD Bank and other financial institutions.  On January 27,

2010, Rothstein pleaded guilty to a racketeering conspiracy in the United States District Court

for the Southern District of Florida.  On June 9, 2010, Rothstein was sentenced to 50 years in prison.  Several Rothstein co-conspirators have also been charged and convicted for their roles in the scheme.  Rothstein was an attorney in Florida and was the Chief Executive Officer and Chairman of a law firm, Rothstein, Rosenfeldt & Adler, P.A.  Rothstein convinced individuals to invest in purported confidential structured settlements involving whistleblower and sexual harassment lawsuits.  He falsely informed investors that the confidential settlement agreements were available for purchase.  Rothstein maintained multiple attorney trust accounts, also known as Interest on Trust Accounts (IOTAs), at TD Bank to receive the investor funds and give the appearance of legitimacy and security.  Rothstein furthered his scheme by taking investors to TD Bank branches and providing them with fraudulent balance printouts.  Rothstein facilitated this deception by having bank staff furnish accurate account statements and then having a co-conspirator replace them with fraudulent statements prior to the investor meetings.  Additionally, on a number of occasions, TD Bank staff, on Rothstein's instructions, provided unenforceable "lock letters" that incorrectly stated that the funds in the law firm's IOTAs would only be distributed to specific investors.

The Bank Secrecy Act and its implementing regulations impose an obligation on banks to report transactions that involve or aggregate to at least $5,000, are conducted by, at, or through the bank, and that the bank "knows, suspects, or has reason to suspect" are suspicious. 31 U.S.C. § 5318(g) and 31 C.F.R. § 1020.320.  A transaction is "suspicious" if the transaction: (1) involves funds derived from illegal activities, or is conducted to disguise funds derived from illegal activities; (2) is designed to evade the reporting or recordkeeping requirements of the Bank Secrecy Act or regulations under the Act; or (3) has no business or apparent lawful purpose or is not the sort in which the customer would normally be expected to engage, and the bank

knows of no reasonable explanation for the transaction after examining the available facts, including background and possible purpose of the transaction. 31 C.F.R. §§ 1020.320(a)(2)(i) - (iii). TD Bank violated Bank Secrecy Act suspicious activity reporting requirements by failing to detect and report suspicious activity and by filing late SARs.

TD Bank violated Bank Secrecy Act suspicious activity reporting requirements by failing to detect and report suspicious activity and by filing late SARs. The Bank failed to properly identify, monitor, and report suspicious activity in Rothstein's accounts. These accounts were used to conduct thousands of transactions with an approximate value of $4 billion. This included transactions related to the "Ponzi" scheme transactions as well as transactions not involved in the "Ponzi" scheme. In 2011, TD Bank performed a review of the Rothstein transactions. As a result of this review, the Bank filed five late SARs, totaling an estimated $900 million in aggregate suspicious transaction activity occurring between April 2008 and October 2009. During this time period, TD Bank's policies, procedures, and training regarding IOTAs were inadequate. As a result, while the Rothstein law firm's accounts alerted in TD Bank's anti-money laundering surveillance software for suspicious activity for 17 months between April 2008 and September 2009, TD Bank employees failed to recognize the suspicious activity and file SARs in a timely manner. A lack of adequate training for both the business and Bank Secrecy Act/Anti-Money Laundering staff contributed to the failure to recognize this suspicious activity.

## III.    CIVIL MONEY PENALTY

The Financial Crimes Enforcement Network has determined that a civil money penalty in the amount of $37.5 million is warranted for TD Bank's violations of the Bank Secrecy Act and

4

its implementing regulations, as described in this ASSESSMENT.  31 U.S.C. § 5321 and 31 C.F.R. § 1010.820.

## IV.    CONSENT TO ASSESSMENT

To resolve this matter, and only for that purpose, TD Bank consents to the assessment of a civil money penalty in the sum of $37.5 million.

This ASSESSMENT shall be concurrent with the assessment of a civil money penalty, in the amount of $37.5 million, by the OCC, and shall be satisfied by one payment of $37.5 million to the Department of the Treasury.

TD Bank recognizes and states that it enters into the CONSENT freely and voluntarily and that no offers, promises, or inducements of any nature whatsoever have been made by the Financial Crimes Enforcement Network or any employee, agent, or representative of the Financial Crimes Enforcement Network to induce TD Bank to enter into the CONSENT, except those specified in the CONSENT.

TD Bank understands and agrees that the CONSENT embodies the entire agreement between TD Bank and the Financial Crimes Enforcement Network relating to this enforcement matter only, as described in Section II above.  TD Bank further understands and agrees that there are no express or implied promises, representations, or agreements between TD Bank and the Financial Crimes Enforcement Network other than those expressly set forth or referred to in this document and that nothing in the CONSENT or in this ASSESSMENT is binding on any other agency of government, whether federal, state, or local.

## V.    RELEASE

Execution of the CONSENT, and compliance with the terms of this ASSESSMENT and the CONSENT, settles all claims that the Financial Crimes Enforcement Network may have

5

against TD Bank for the conduct described in Section II of this ASSESSMENT.  Execution of

the CONSENT, and compliance with the terms of this ASSESSMENT and the CONSENT, does

not release any claim that the Financial Crimes Enforcement Network may have for conduct by

TD Bank other than the conduct described in Section II of this ASSESSMENT, or any claim that

the Financial Crimes Enforcement Network may have against any party other than TD Bank,

such parties to include, without limitation, any director, officer, employee, or agent of TD Bank.

Upon request, TD Bank shall truthfully disclose to the Financial Crimes Enforcement Network

all factual information not protected by a valid claim of attorney-client privilege or work product

doctrine with respect to the participation of its current or former directors, officers, employees,

or agents in the conduct described in Section II of this ASSESSMENT.


By:


/S/                                                                    September 22, 2013

_____

Jennifer Shasky Calvery                              Date
Director
FINANCIAL CRIMES ENFORCEMENT NETWORK
U.S. Department of the Treasury


6