**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMES TIESSEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE TORONTO-DOMINION BANK, TD BANK, N.A., TD BANK US HOLDING COMPANY, AJAI K. BAMBAWALE, MICHAEL BOWMAN, MIA LEVINE, BHARAT MASRANI, LEOVIGILDO SALOM, and KELVIN VI LUAN TRAN,<br><br>Defendants. | Case No.: 1:24-cv-08032-AS<br><br>ORAL ARGUMENT REQUESTED |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**<u>DEFENDANT MICHAEL BOWMAN'S MOTION TO DISMISS</u>**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT .........................................................................................................................2

    I.  Plaintiffs Abandon the 10b-5(b) and Section 20(a) Claims..................................................2

    II.  Plaintiffs Do Not Plausibly Plead a Scheme Liability Claim ...............................................2

        A.    Plaintiffs Fail to Plead that Mr. Bowman Engaged in Any Manipulative or Deceptive Act in Furtherance of a Scheme to Defraud Investors............................3

        B.    Plaintiffs Fail to Plead Reliance.................................................................6

        C.    Plaintiffs Fail to Plead Scienter.................................................................6

CONCLUSION........................................................................................................................7

## TABLE OF AUTHORITIES

**Page(s)**

<u>Cases</u>

*City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG,*
   752 F.3d 173 (2d Cir. 2014) ................................................................................................. 7

*Eden Alpha CI LLP v. Polished.com Inc.,*
   763 F. Supp. 3d 270 (E.D.N.Y. 2025) .................................................................................. 5

*Emps. Ret. Sys. of City of Providence v. Embraer S.A.,*
   2018 WL 1725574 (S.D.N.Y. Mar. 30, 2018) ...................................................................... 3

*In re AppHarvest Sec. Litig.,*
   684 F. Supp. 3d 201 (S.D.N.Y. 2023) .................................................................................. 2

*In re CarLotz, Inc. Sec. Litig.,*
   2024 WL 3924708, (S.D.N.Y. Aug. 23, 2024) ..................................................................... 5

*In re Eletrobras Sec. Litig.,*
   245 F. Supp. 3d 450 (S.D.N.Y. 2017) .................................................................................. 6

*In re Enron Corp. Securities,*
   529 F. Supp. 2d 644 (S.D. Tex. 2006).................................................................................. 4

*In re Grupo Televisa Securities Litigation,*
   368 F. Supp. 3d 711 (S.D.N.Y. 2019) .................................................................................. 7

*In re Scholastic Corp. Securities Litigation,*
   252 F.3d 63 (2d Cir. 2001) ................................................................................................... 4

*In re UBS AG Sec. Litig.,*
   2012 WL 4471265 (S.D.N.Y. Sept. 28, 2012) ..................................................................... 2

*Plumber & Steamfitters Loc. 773 Pension Fund v. Danske Bank,*
   11 F.4th 90 (2d Cir. 2021) .................................................................................................... 5

Defendant Michael Bowman respectfully submits this reply memorandum of law in support of his motion to dismiss the CAC (ECF No. 74 (the "Motion")).[1]

## PRELIMINARY STATEMENT

Plaintiffs' opposition to the Motion (ECF No. 86 (the "Opposition" or "Opp."))[2] concedes that the CAC does not state a Rule 10b-5(b) claim against Mr. Bowman.  The Opposition also abandons the Section 20(a) claim against him.

The CAC's sole remaining claim against Mr. Bowman—scheme liability under Rules 10b-5(a) and (c)—fails for the reasons articulated in the TD Defendants' reply brief (ECF No. 89 ("TD Reply")), which Mr. Bowman expressly adopts and incorporates herein.  Plaintiffs' scheme liability claim also fails because Plaintiffs do not allege that Mr. Bowman committed any manipulative or deceptive act in furtherance of a scheme to defraud investors.  None of the purported acts that Plaintiffs point to in the Opposition can support a scheme liability claim, and, even if they could, Plaintiffs fail to tie any acts allegedly taken by Mr. Bowman to a scheme to defraud TD's investors or adequately allege investor reliance on any such acts.  Plaintiffs' scienter allegations are likewise lacking, as the Opposition points to no facts demonstrating that Mr. Bowman consciously or recklessly misled investors.

As the Opposition makes clear, Mr. Bowman does not belong in this case, and the claims against him should be dismissed with prejudice.

---

[1] Capitalized terms used herein shall have the same meaning ascribed to them in the memorandum of law that Mr. Bowman submitted in support of the Motion (ECF No. 75 (the "Opening Brief" or "Br.")).

[2] Because Plaintiffs claim to respond fully to Mr. Bowman's Motion in the Opposition, this reply brief addresses the arguments advanced in the Opposition.  Accordingly, Mr. Bowman reserves all rights to the extent Plaintiffs later rely on arguments not advanced in the Opposition with respect to Mr. Bowman.

**ARGUMENT**

**I.     Plaintiffs Abandon the 10b-5(b) and Section 20(a) Claims**

As Plaintiffs concede, they do not "allege that Defendants Bowman and Levine are liable for making false and misleading statements and omissions under Rule 10b-5(b)." (Opp. at 1 n.1.) Accordingly, Plaintiffs' Rule 10b-5(b) claim against Mr. Bowman should be dismissed with prejudice.

Plaintiffs have also abandoned their Section 20(a) claim against Mr. Bowman. Plaintiffs do not reference control person liability in the Opposition, and in the section of Plaintiffs' other opposition brief dedicated to control person liability (*see* ECF No. 85 at 46–47), they do not mention Mr. Bowman even though they specifically reference other individual defendants. Given that Mr. Bowman specifically argued that the Section 20(a) claim against him should be dismissed in the Opening Brief (*see* Br. at 11), Plaintiffs have "concede[d] through silence" that Mr. Bowman is not the proper target of a Section 20(a) claim. *In re UBS AG Sec. Litig.*, 2012 WL 4471265, at *11 (S.D.N.Y. Sept. 28, 2012) (collecting cases), *aff'd sub nom. City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173 (2d Cir. 2014); *see also, e.g.*, *In re AppHarvest Sec. Litig.*, 684 F. Supp. 3d 201, 255 (S.D.N.Y. 2023) ("Because Plaintiff do [sic] not oppose this argument in his opposition to Defendants' motion to dismiss, Plaintiff's silence concedes the point." (citation and internal quotation marks omitted).) Thus, the Section 20(a) claim against Mr. Bowman should likewise be dismissed with prejudice.

**II.    Plaintiffs Do Not Plausibly Plead a Scheme Liability Claim**

As explained in the TD Reply, which Mr. Bowman expressly adopts and incorporates herein, the Opposition fails to offer any reason why the scheme liability claim against Mr. Bowman should not be dismissed in its entirety, including because the CAC does not plead reliance, scienter,

2

or that the alleged acts in furtherance of the scheme were "inherently deceptive" as to any Defendant. (*See* TD Reply.) For these reasons alone, Plaintiffs' scheme liability claims fail.

Plaintiffs also fail to plausibly plead a scheme liability claim against Mr. Bowman for three additional reasons. *First*, Plaintiffs fail to plead that Mr. Bowman engaged in any manipulative or deceptive act in furtherance of a scheme to defraud investors. *Second*, Plaintiffs fail to plead reliance by investors on any allegedly deceptive act by Mr. Bowman. *Third*, Plaintiffs fail to plead that Mr. Bowman acted with scienter.

### A.    Plaintiffs Fail to Plead that Mr. Bowman Engaged in Any Manipulative or Deceptive Act in Furtherance of a Scheme to Defraud Investors

The Opposition points to seven purportedly manipulative or deceptive acts that Mr. Bowman allegedly took in furtherance of a fraudulent scheme. (Opp. at 6–7.) None of these "acts" support a viable scheme liability claim.

Several of these purportedly manipulative or deceptive acts took place before the Class Period (*see* Opp. at 6–7 (identifying conduct from 2019 through 2021)), rendering them inactionable as set forth in the Opening Brief (*see* Br. at 7 n.3). Plaintiffs' contention that whether allegedly manipulative or deceptive acts occurred during the Class Period "is immaterial" (Opp. at 9), misses the mark. Mr. Bowman's argument is not, as Plaintiffs suggest, that pre-Class Period conduct is irrelevant for all purposes. Rather, Mr. Bowman's allegedly manipulative or deceptive acts from years before the Class Period cannot support a scheme liability claim because Plaintiffs plead no particularized facts directly connecting those alleged acts to the purchase or sale of any security. *See Emps. Ret. Sys. of City of Providence v. Embraer S.A.*, 2018 WL 1725574, at *11 (S.D.N.Y. Mar. 30, 2018) ("Plaintiff here alleges pre-Class Period claims and . . . misconduct . . . and seeks, thereby, implausibly to draw [pre-Class Period misconduct] into the Class Period via [a Class Period contemporaneous] claim. These allegations are temporally and logically

3

insufficient."). Plaintiffs—citing two inapposite cases—offer no support to the contrary: the court in *In re Enron Corp. Securities*, 529 F. Supp. 2d 644 (S.D. Tex. 2006)—a Southern District of Texas case—did not address the question of whether pre-class period deceptive acts could form the basis of the scheme liability claim; and *In re Scholastic Corp. Securities Litigation*, 252 F.3d 63 (2d Cir. 2001) did not involve scheme liability at all.

Regardless of timing, all of Plaintiffs' alleged manipulative or deceptive act allegations against Mr. Bowman fall short. Many of these purported acts are not acts at all (*see* Opp. at 6 (pointing to an allegation that Mr. Bowman "knew" something); *id.* (pointing to an allegation that Mr. Bowman *received* a presentation in September 2019)), and others are plainly not manipulative or deceptive (*see id.* (pointing to allegations that Mr. Bowman "touted" his ability to implement the Flat Cost Paradigm and referenced TD's spending on AML compliance in an email); *id.* (pointing to allegations that Mr. Bowman shifted priorities and resources)). In addition, they are far too generalized and vague to meet the heightened pleading standards imposed by Rule 9(b) and the PSLRA. (*See id.* at 6–7 (pointing to allegations that Mr. Bowman "was directly responsible for the day-to-day management of TD's Global AML Program and was aware of and failed to remediate the long-standing deficiencies"); *id.* at 7 (pointing to allegations that a group of executives "which include [Mr.] Bowman" "removed numerous countries from TD's monitoring system, and admittedly approved only those changes that would reduce alerts and reduce costs").) And the Opposition's reliance on purported lies to OCC examiners (*see* Opp. at 7), is misplaced for multiple reasons, as set forth in detail in the Opening Brief. (Br. at 7 n. 4 (noting that Plaintiffs' OCC-related allegations are impermissible and speculative group pleading).) Accordingly, Plaintiffs fail to allege with the requisite particularity that Mr. Bowman committed any manipulative or deceptive act.

4

Moreover, even if Plaintiffs had alleged a manipulative or deceptive act, as set forth in the Opening Brief (*see* Br. at 7–8 (collecting cases)),[3] their scheme liability claim against Mr. Bowman would still fail because they have not adequately tied any purportedly manipulative or deceptive act by Mr. Bowman to a scheme to defraud investors.

The Opposition contends that because Plaintiffs have alleged that TD's AML program was willfully noncompliant; Mr. Bowman was aware of, and partially responsible for, the program's noncompliance; and others at TD made statements to investors regarding TD's AML program, they have plausibly alleged that Mr. Bowman participated in a scheme to defraud investors. (*See* Opp. at 3 ("This scheme necessarily resulted in deceiving investors."); *id.* at 5 ("[T]he Speaker Defendants' false and misleading statements were inevitable.").) But this theory fails because Plaintiffs have not alleged that Mr. Bowman was involved in—or even knew about—any of TD's investor-facing activity. As noted above, Plaintiffs have conceded that Mr. Bowman did not make any alleged false statements or misrepresentations to investors. (*Id*. at 1 n.1.) Put simply, there are no allegations tying Mr. Bowman to investors at all, which dooms Plaintiffs' assertion that Mr. Bowman was involved in any scheme "engineered . . . to mislead . . . shareholders." (*Id*. at 10.)

Indeed, if Plaintiffs' theory were viable, then any individual allegedly involved in a noncompliant corporate program (or otherwise involved in corporate mismanagement) would be subject to liability for securities fraud because the corporation's noncompliance would "necessarily result[] in deceiving investors." (Opp. at 3.) That is not the law. (*See* Br. at 8 (citing cases holding that corporate mismanagement is not securities fraud).)

---

[3] Plaintiffs have no rejoinder for the cases that Mr. Bowman cited in the Opening Brief. (*Compare* Br. at 7–8 (citing, *inter alia*, *In re CarLotz, Inc. Sec. Litig.*, 2024 WL 3924708, (S.D.N.Y. Aug. 23, 2024), *Plumber & Steamfitters Loc. 773 Pension Fund v. Danske Bank*, 11 F.4th 90 (2d Cir. 2021), and *Eden Alpha CI LLP v. Polished.com Inc.*, 763 F. Supp. 3d 270 (E.D.N.Y. 2025)), *with* Opp. (failing to address them).)

### B.    Plaintiffs Fail to Plead Reliance

Plaintiffs cannot plead investor reliance on any of Mr. Bowman's purported manipulative or deceptive acts.  (*See* Br. at 8–9 n.6; TD Reply at 16–17.)  In attempting to argue otherwise, the Opposition relies on the conclusory and inadequate assertion that application of the Flat Cost Paradigm made it "'necessary or inevitable' that falsehoods on the part of [the Speaker Defendants] would result."  (Opp. at 5 (quoting *In re Eletrobras Sec. Litig.*, 245 F. Supp. 3d 450, 472 (S.D.N.Y. 2017)).)  But Plaintiffs fail to identify any particularized deceptive act by Mr. Bowman (other than the Opposition's reference to the Flat Cost Paradigm generally, which is not a deceptive act), tie a specific deceptive act to any alleged misstatement to investors, or explain why or how any such act made that misstatement "necessary or inevitable."[4]

### C.    Plaintiffs Fail to Plead Scienter

In the Opening Brief, Mr. Bowman outlined the various reasons why Plaintiffs' scienter allegations are deficient.[5]  (*See* Br. at 9–11.)  The only rejoinder that Plaintiffs can muster is to rehash their allegation that Mr. Bowman was purportedly aware of TD's AML compliance deficiencies, citing a single case in support.  (*See* Opp. at 10–11.)  But awareness of purported AML compliance deficiencies is not equivalent to an intent to defraud investors (*see* Br. at 9–10; *see also City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 187-88 (2d Cir. 2014)), and the case upon which Plaintiffs rely is inapplicable.  In *In re Grupo Televisa*

---

[4] *Eletrobras*, the only case cited by Plaintiffs in support of their argument, is distinguishable.  There, unlike here, plaintiffs alleged particularized deceptive acts in the form of a bribery scheme, tied those acts to specific financial misstatements, and alleged a particularized causal connection between the deceptive acts (bribery) and the financial misstatements, *i.e.*, because the bribery scheme required the company to conceal the illicit payments in its reported assets, the misstatements were "necessary or inevitable."  *Eletrobras*, 245 F. Supp. 3d at 471–72.

[5] The Opposition does not dispute that "the CAC makes no particularized allegation regarding Mr. Bowman's motive or opportunity to commit fraud," or that "many of Plaintiffs' scienter allegations fail because they amount to improper group pleading." (Br. at 9.)

6

*Securities Litigation*, the court assessed the scienter of the corporate defendant and its former CEO and former CFO, who were directly involved in the challenged statements, and held that scienter was adequately alleged based on specific acts and knowledge of bribery attributable to the defendants. 368 F. Supp. 3d 711, 722 (S.D.N.Y. 2019). Here, the CAC has not adequately alleged Mr. Bowman's involvement in any allegedly false statements or any deceptive act.

## <u>CONCLUSION</u>

For the reasons stated above and in the Opening Brief, the CAC should be dismissed as against Mr. Bowman with prejudice, as amendment would be futile.

Dated: New York, New York
   August 28, 2025

        Respectfully submitted,

        LEVINE LEE LLP

        By:  *Seth L. Levine*
           Seth L. Levine (Lead Trial Counsel)
           Alison M. Bonelli
           400 Madison Ave.
           New York, New York 10017
           (212) 223-4400
           slevine@levinelee.com
           abonelli@levinelee.com

           *Attorneys for Defendant Michael Bowman*

## **LOCAL CIVIL RULE 7.1(c) CERTIFICATION**

Pursuant to Local Civil Rule 7.1(c), the total number of words in the foregoing memorandum of law, inclusive of footnotes and exclusive of the caption, indices, tables, signatures blocks, and certificates, is 2,091.

Dated: August 28, 2025

*Seth L. Levine*
Seth L. Levine